1    Michelle B. Abidoye, Bar No. 232782
     mabidoye@fordharrison.com
2    David L. Cheng, Bar No. 240926
     dcheng@fordharrison.com
3    FORDHARRISON LLP
     350 South Grand Avenue, Suite 2300
4    Los Angeles, CA 90071
     Telephone:  (213) 237-2400
5    Facsimile:  (213) 237-2401

6    Attorneys for Defendants
     BLACK KNIGHT MANAGEMENT
7    SERVICES, LLC; BLACK KNIGHT
     FINANCIAL SERVICES, LLC;
8    SERVICELINK HOLDINGS, LLC;
     FIDELITY NATIONAL FINANCIAL,
9    INC.; FIDELITY NATIONAL TITLE
     GROUP, INC.; AND LENDER
10   PROCESSING SERVICES, INC.

11                    UNITED STATES DISTRICT COURT

12                   CENTRAL DISTRICT OF CALIFORNIA

13

14   SHAYNE WALKER, individually          CASE NO.
     and on behalf of all other aggrieved
15   employees,                           **NOTICE OF REMOVAL OF**
                                          **ACTION UNDER 28 U.S.C. §§ 1331,**
16                 Plaintiff,             **1332, 1367(a), 1441(a), 1441(b), AND**
                                          **1446**
17        v.

18   BLACK KNIGHT MANAGEMENT
     SERVICES, LLC; BLACK
19   KNIGHT FINANCIAL SERVICES,
     LLC; SERVICELINK HOLDINGS,
20   LLC; FIDELITY NATIONAL
     FINANCIAL, INC.; FIDELITY
21   NATIONAL TITLE GROUP, INC.;
     LENDER PROCESSING
22   SERVICES, INC.; and DOES 1
     through 20, inclusive,
23
                   Defendants.
24

25

26

27

28

Ford & Harrison
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7821279.1                        DEFENDANTS' NOTICE OF REMOVAL

                                    DOCUMENT PRINTED ON RECYCLED PAPER

1    **TO THE CLERK OF THE UNITED STATES DISTRICT COURT**
2    **FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

3    PLEASE TAKE NOTICE that defendants Black Knight Management
4    Services, LLC ("BKMS"); Black Knight Financial Services, LLC ("BKFS");
5    Servicelink Holdings, LLC ("SLH"); Fidelity National Financial, Inc. ("FNF");
6    Fidelity National Title Group, Inc. ("FNTG"); and Lender Processing Services, Inc.
7    ("LPS") (collectively, "Defendants") hereby remove the above-entitled action from
8    the Superior Court of the State of California, County of Orange, to the United
9    States District Court for the Central District of California pursuant to 28 U.S.C. §§
10   1331 (Federal Question), 1332(d) (Diversity under Class Action Fairness Act),
11   1367(a) (Supplemental Jurisdiction), 1441(a), 1441(b), 1446 and 1453, based on the
12   following facts:

13   **I.    PLEADINGS AND PROCESS, AND ORDERS**

14   1.    On August 5, 2015, Plaintiff Shayne Walker ("Plaintiff"), individually
15   and on behalf of all other aggrieved employees,[1] filed a complaint against the
16   Defendants, entitled "*Shayne Walker v. Black Knight Management Services, LLC,*
17   *et al.,*" in the Superior Court of California, for the County of Orange, Case No. 30-
18   2015-00802849-CU-OE-CXC (hereinafter, the "Complaint"). A true and correct
19   copy of the Complaint is attached to the Declaration of David L. Cheng ("Cheng
20   Decl.") as **Exhibit A**. The allegations in the Complaint are incorporated for
21   reference in this notice of removal but are not admitted.

22   2.    Plaintiff and the members of the putative class he seeks to represent
23   are persons residing in the United States and/or in California with respect to whom
24   Defendants, or any of their related companies, procured or caused to be procured a
25   Consumer Report for employment purposes at any time from two years

---

[1] Defendant notes that Plaintiff's caption page appears to be a misnomer, as Plaintiff's class definitions appear broader and inclusive of non-employees. (Complaint, ¶¶ 44-45, attached as Ex. A to Cheng Decl.)

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7821279.1                    -1-        DEFENDANTS' NOTICE OF REMOVAL

DOCUMENT PRINTED ON RECYCLED PAPER

immediately preceding the filing of the lawsuit to the present. (Complaint, ¶¶ 44-45, Ex. A to Cheng Decl.) The Complaint alleges three causes of action: (1) violation of federal Fair Credit Reporting Act, sections 1681b(b)(2)(A) and 1681d(a); (2) violation of the California Consumer Credit Reporting Agencies Act, section 1785.20.5(a); and (3) violation of the California Investigative Consumer Reporting Agencies Act, section 1786.16(b).

3.   A true and correct copy of the Civil Case Cover Sheet, which was filed with the state court on August 5, 2015, is attached to the Cheng Decl. as **Exhibit B**

4.   A true correct copy of the Summons, which was filed with the state court on August 5, 2015, is attached to the Cheng Decl. as **Exhibit C**.

5.   A true and correct copy of the receipt of Plaintiff's payment of Complex Case Fee, issued on August 6, 2015, is attached to the Cheng Decl. as **Exhibit D**.

6.   A true and correct copy of the Notice of Case Assignment, which was issued by the state court on August 6, 2015, is attached to the Cheng Decl. as **Exhibit E**.

7.   True and correct copies of the proofs of service of summons filed by Plaintiff with the state court on August 17, 2015, are attached to the Cheng Decl. as **Exhibit F**.

8.   True and correct copies of the proofs of service of summons filed by Plaintiff with the state court on August 24, 2015, are attached to the Cheng Decl. as **Exhibit G**.

9.   The state court's minute order and certificate of mailing/electronic service, issued by the state court on September 4, 2015, is attached to the Cheng Decl. as **Exhibit H**.

10.   Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process, pleadings and orders served on, received by Defendants or filed in this action. To Defendants' knowledge, no further process, pleadings, or orders related

1  to this case have been filed in Superior Court of California, Orange County or
2  served by any party.

**II3  TIMELINESS OF REMOVAL**

4  11.  Defendants were served with and received the summons and original
5  complaint through personal service on CT Corporation on August 12, 2015. This
6  notice of removal is timely filed as it is filed within thirty (30) days of the receipt of
7  the summons and original complaint on Defendants, accounting for weekends. *See*
8  28 U.S.C. § 1446(b); Fed. R. Civ. Proc. 6(a); *Krug v. Wells Fargo Bank, N.A.*, No.
9  C 11-5190, 2011 WL 6182341, *1 (N.D. Cal. Dec. 13, 2011).

10  **III.  VENUE**

11  12.  Orange County, California is located within the Central District of
12  California. Thus, venue is proper pursuant to 28 U.S.C. § 84(c)(3) because this is
13  the "district and division embracing the place where [Plaintiff's] action is pending."
14  28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1391.

15  **IV.  INTRA-DISTRICT ASSIGNMENT**

16  13.  Pursuant to C.D. Cal. General Order No. 14-03, Section I.B.1.b,
17  because this action arises in Orange County, it should be assigned to a judge sitting
18  within the Southern Division of the Central District of California.

19  **V.  JURISDICTION PURSUANT TO FEDERAL QUESTION**

20  14.  This Court has original jurisdiction over this action under 28 U.S.C. §
21  1331 (federal question) as Plaintiff's Complaint refers to and arises out of alleged
22  violations of a federal statute, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.
23  §§ 1681, *et seq.* Here, Plaintiff's Complaint asserts that Defendants violated the
24  FCRA by allegedly failing: (a) to provide a written disclosure and/or secure a
25  written authorization from Plaintiff and putative class members prior to procuring
26  or causing to be procured their consumer reports, in violation of Section
27  1681b(b)(2)(A) of the FCRA; and (b) to disclose in writing that an investigative
28  consumer report may be made, to inform Plaintiff and putative class members of

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7821279.1                - 3 -                DEFENDANTS' NOTICE OF REMOVAL

CUMENT PRINTED ON RECYCLED PAPER

their right to request additional disclosures, and to provide a written summary of rights in violation of Section 1681d(a)(1) of the FCRA. (*See, e.g.*, Complaint, ¶¶ 59-64, Exhibit A to Cheng Decl.)

15.   All other claims for relief under various California statutory laws are within the supplemental jurisdiction of this Court under 29 U.S.C. § 1367(a), because they are so related to the FCRA claims that they form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's other state law claims are all derivative of his FCRA claim since they "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004). Jurisdiction is thus appropriate for all of Plaintiff's claims that are transactionally related to the federal claim.

## VI.   JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

16.   This Court also has original jurisdiction over the case pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA"). CAFA provides the federal district courts with original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy exceeds $5 million exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Here, removal is proper under CAFA because, as set forth below, the case is filed as a civil class action, the amount in controversy allegedly exceeds $5 million exclusive of interest and costs, and at least one member (if not all) of the class of plaintiffs is a citizen of a state different from Defendants. The exceptions set forth in 28 U.S.C. § 1332(d)(3)-(5) are not applicable here.

17.   This action was initially brought pursuant to California Code of Civil Procedure § 382 on behalf of a putative nationwide class and California subclass, the sizes of which are not specified and/or are unknown to Plaintiff. (Complaint at

¶¶ 43-45, 47, Exhibit A to Cheng Decl.)  However, Plaintiff claims the putative classes are so numerous that the individual joinder of all members is impracticable. (*Id.* at ¶ 47.)

18.    This Court has original jurisdiction over the case under 28 U.S.C. § 1332(d)(2) because the case is filed as a civil class action, the amount in controversy exceeds $5 million exclusive of interest and costs, and at least one member (if not all) of the class of plaintiffs is a citizen of a state different from Defendants.

**A.    Citizenship of Parties**

19.    Pursuant to 28 U.S.C. § 1453(b), "A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants."  CAFA's diversity requirement is satisfied when any member of a class of citizens is a citizen of a State different from any defendant.  28 U.S.C. § 1332(d)(2).

20.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983).  A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return.  *Kanter v. Warner-Labert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

21.    Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship.  *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

22.    Here, Plaintiff alleges that he "is a resident of Ontario, California in the County of San Bernardino." (Complaint, ¶ 13, Exhibit A to Cheng Decl.)

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7821279.1                                    - 5 -                DEFENDANTS' NOTICE OF REMOVAL

CUMENT PRINTED ON RECYCLED PAPER

1    Accordingly, Plaintiff is a citizen of the State of California. *Kanter*, 265 F.3d at
2    857.

3        23.    For purposes of CAFA, an unincorporated association such as an LLC
4    is deemed to be a citizen of the State where it has its principal place of business and
5    the State under whose laws it is organized. 28 U.S.C. § 1332(d)(10). Likewise, "a
6    corporation is a citizen only of (1) the state where its principal place of business is
7    located, and (2) the state in which it is incorporated." *Johnson v. Columbia Prop.*
8    *Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

9        24.    BKMS is a Delaware limited liability company with its headquarters
10   and principal place of business located in Jacksonville, Florida. (Declaration of
11   Abena Horton ("Horton Decl."), ¶ 7.) Accordingly, BKMS is considered a citizen
12   of Delaware and Florida. 28 U.S.C. § 1332(d)(10).

13       25.    LPS was a Delaware corporation with its headquarters and principal
14   place of business located in Jacksonville, Florida. (Horton Decl., ¶ 8.)
15   Accordingly, LPS is considered a citizen of Delaware and Florida. 28 U.S.C. §
16   1332(c)(1); *Johnson*, 437 F.3d at 899.

17       26.    Defendant BKFS is a Delaware limited liability company with its
18   headquarters and principal place of businesses located in Jacksonville, Florida.
19   (Horton Decl., ¶ 9.) Accordingly, BKFS is considered a citizen of Delaware and
20   Florida. 28 U.S.C. § 1332(d)(10).

21       27.    SLH is a Delaware limited liability company with its headquarters and
22   principal place of businesses located in Jacksonville, Florida. (Horton Decl., ¶ 10.)
23   Accordingly, SLH is considered a citizen of Delaware and Florida. 28 U.S.C. §
24   1332(d)(10).

25       28.    FNF is a Delaware corporation with its headquarters and principal
26   place of businesses located in Jacksonville, Florida. (Declaration of Patrick
27   Mortimer ("Mortimer Decl."), ¶ 5.) Accordingly, FNF is considered a citizen of
28   Delaware and Florida. 28 U.S.C. § 1332(c)(1); *Johnson*, 437 F.3d at 899.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7821279.1          - 6 -          DEFENDANTS' NOTICE OF REMOVAL
                                                    CUMENT PRINTED ON RECYCLED PAPER

29.    FNTG is a Delaware corporation with its headquarters and principal place of businesses located in Jacksonville, Florida.    (Mortimer Decl., ¶ 6.) Accordingly, FNF is considered a citizen of Delaware and Florida.  28 U.S.C. § 1332(c)(1); *Johnson*, 437 F.3d at 899.

30.    The presence of Doe defendants in this case has no bearing on diversity with respect to removal.  *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

31.    Here, diversity of citizenship is met because Plaintiff is a citizen of California while Defendants are citizens of Delaware and Florida.  Accordingly, the minimal diversity requirement is fully satisfied.  *See* 28 U.S.C. § 1332(d)(2)(A).

**B.    The Amount in Controversy Exceeds $5 Million and Plaintiff's Classes are More than 100 Class Members**

32.    CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount.  28 U.S.C. § 1332(d)(6). Further, CAFA may only be invoked if the proposed class contains at least 100 members. 28 U.S.C. § 1332(d).

33.

Complaint.    A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. ___, 135 S. Ct. 547, 554 (2014).  As noted in *Dart Cherokee*: "'[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met.  Discovery may be taken with

regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.'" *Id.* (quoting House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. Rep. No. 112-10, p. 16 (2011). Here, LPS Defendants can plausibly allege, based on Plaintiff's complaint and his prayer for relief that the amount in controversy for Plaintiff's class-wide claims exceeds $5 million. The assertions of LPS Defendants herein are limited to their preliminary understanding of Plaintiff's claims and data currently available to LPS Defendants.

34.    According to Plaintiff, the sizes of the putative classes are unknown but are so numerous that the individual joinder of all members is impracticable. (Complaint at ¶¶ 43-45, 47, Exhibit A to Cheng Decl.) Here, Plaintiff proposes a class consisting of "All persons residing in the United States with respect to whom Defendants, or any of their related companies, procured or caused to be procured a Consumer Report for employment purposes at any time from two years immediately preceding the filing of this lawsuit to the present." (*Id.* at ¶ 44 [the "Class"].) Plaintiff also proposes a subclass consisting of "All persons residing in California with respect to whom Defendants, or any of their related companies, procured or caused to be procured a Consumer Report for employment purposes at any time from two years immediately preceding the filing of this lawsuit to the present." (*Id.* at ¶ 45 ["CCRAA/ICRAA Subclass"].)

35.    While Defendants deny Plaintiff's claims of wrongdoing and denies his request for relief thereon, the facial allegations in Plaintiff's Complaint and the total amount of penalties and attorneys' fees at issue in this action, when viewed in the light most favorable to Plaintiff, is in excess of the jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,

199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "When a '[d]efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '[d]efendant has established by a preponderance of the evidence that the amount in controversy is met.'" *Cagle v. C&S Wholesale Grocers, Inc.*, __ F.R.D. ___, 2014 WL 651923, *7 (E.D. Cal. Feb. 19, 2014) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted)). Nor do the Defendants need to provide summary judgment-type evidence. *Cagle*, 2014 WL 651923, *7.

36.    Through his Complaint, Plaintiff asserts claims for himself and that putative class for alleged statutory penalties and attorneys' fees, based on allegations that the Defendants willfully violated, *inter alia*, the FCRA. (*See* Complaint, ¶¶ 64, 66, Ex. A to Cheng Decl.) The FCRA provides for statutory penalties for willful non-compliance in the amount of "not less than $100 and not more than $1,000." 15 U.S.C. § 1681n.

37.    Here, the number of class members fitting the nationwide class proposed by Plaintiff is at least 4,050. (*See* Horton Decl., ¶ 5.) Accordingly, the amount in controversy sought by Plaintiff on the putative nationwide class exceeds the jurisdictional minimum for CAFA (4,050 class members x $1,000 maximum penalty under FCRA = $4,050,000). Further, CAFA's numerosity requirement of the proposed class having at least 100 class members is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

38.    Plaintiff also seeks an award of reasonable attorneys' fees and costs for the putative class. (*See* Complaint at Prayer for Relief and at p. 23, Ex. A to Cheng Decl. [citing 15 U.S.C. § 1681n, 15 U.S.C. § 1681o, Cal. Civ. Code §§ 1785.31(a) and 1786.60, and Cal. Code Civ. Proc. § 1021.5.) It is well-settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156

1 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys'
2 fees, either with mandatory or discretionary language, such fees may be included in
3 the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d
4 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, court
5 may estimate the amount of reasonable attorneys' fees likely to be recovered by
6 plaintiff if she were to prevail). While Plaintiff's attorneys' fees cannot be
7 precisely calculated, it is reasonable to assume that they could exceed a damages
8 award. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (C.D. Cal. 2002).
9 Additionally, courts in this circuit have held that it is not uncommon for an
10 attorneys' fees award to be 25% of the recovery. *See, e.g., Staton v. Boeing Co.*,
11 327 F.3d 938, 968 (9th Cir. 2003). Considering the sum of the potential damages
12 from above, estimated to be at least $4,050,000, it is reasonable to assume
13 *arguendo* that the potential attorneys' fees would be $1,012,500 ($4,050,000 x
14 25%).

15      39.     Defendants do not concede Plaintiff's claims have any merit, however,
16 when the relief sought on behalf of the putative class is taken as a whole, the
17 amount in controversy for Plaintiff's class claims more likely than not exceeds the
18 $5 million jurisdiction requirement, exclusive of interest and costs. Thus, this
19 Court has original jurisdiction over the claims asserted by Plaintiff in this action
20 based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(d)(2) and
21 1441(a). *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the
22 individual class members shall be aggregated to determine whether the matter in
23 controversy exceeds the sum or value of $5 million, exclusive of interest and
24 costs.") Accordingly, the potential amount in controversy is in excess of the $5
25 million threshold for CAFA jurisdiction.

26 / / /
27 / / /
28 / / /

## VII.  NOTICE OF REMOVAL

40.    A copy of this notice of removal will be filed with the Clerk of the Superior Court of the State of California, County of Orange.

41.    By removing the action to this Court, Defendants do not waive any defenses, objections, or motions available to them under state or federal law. Defendants expressly reserve the right to require that the claims of Plaintiff and/or all members of the putative class be decided on an individual basis.

WHEREFORE, Defendants pray that the Court remove this civil action from the Superior Court of the State of California, Orange County, to the United States District Court for the Central District of California.

Dated:  September 11, 2015

Respectfully submitted,

FORD & HARRISON LLP

By: _____
   Michelle B. Abidoye
   David L. Cheng
   Attorneys for Defendants BLACK
   KNIGHT MANAGEMENT SERVICES,
   LLC; BLACK KNIGHT FINANCIAL
   SERVICES, LLC; SERVICELINK
   HOLDINGS, LLC; FIDELITY
   NATIONAL FINANCIAL, INC.;
   FIDELITY NATIONAL TITLE GROUP,
   INC.; AND LENDER PROCESSING
   SERVICES, INC.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7821279.1          - 11 -          DEFENDANTS' NOTICE OF REMOVAL

CUMENT PRINTED ON RECYCLED PAPER

# PROOF OF SERVICE

I, Anne Moreno, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On September 11, 2015, I served a copy of the within document(s):

## NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1332, 1367(a), 1441(a), 1441(b), AND 1446

☐    **ELECTRONICALLY:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

☒    by placing the document(s) listed above in a sealed Overnite Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an Overnite agent for delivery.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

| | |
|---|---|
| Aegis Law Firm, PC<br>Kashif Haque, Esq.<br>Samuel A. Wong, Esq.<br>Sam Kim, Esq.<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA 92618<br>Tel: (949) 379-6250<br>Fax: (949) 379-6251 | Attorneys for Plaintiff SHAYNE WALKER |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 11, 2015, at Los Angeles, California.

_____
Anne Moreno

CUMENT PRINTED ON RECYCLED PAPER